**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
───────────────────────────────

RONALD L. HESTER,

       Plaintiff,

   v.

ALBANY COUNTY DISTRICT ATTORNEY,
et al.,

       Defendants.

───────────────────────────────

No. 1:20-CV-1153
(LEK/CFH)

**APPEARANCES:**

Ronald L. Hester
17 Rawson Street
Albany, New York 12206
Plaintiff pro se

### REPORT-RECOMMENDATION AND ORDER

#### I. Procedural Background

On February 10, 2021, the undersigned issued a Report-Recommendation &
Order (1) denying plaintiff's first application to proceed in forma pauperis ("IFP") as
moot; (2) granting plaintiff's second application to proceed IFP for purposes of filing
only; (3) denying without prejudice plaintiff's motion to appoint counsel; and (4)
recommending that certain defendants and claims be dismissed with prejudice, and
certain claims be dismissed without prejudice and opportunity to amend. See Dkt. No. 6
at 23-24.  On February 26, 2021, plaintiff filed an amended complaint.  See Dkt. No. 8
("Amen. Compl.").  On April 13, 2021, in a text order, Senior United States District
Judge Lawrence E. Kahn terminated, as moot, the undersigned's February 10, 2021
Report-Recommendation & Order, except for the grant of plaintiff's second application

to proceed IFP and denial without prejudice of plaintiff's motion to appoint counsel, both of which the Court did not disturb. See Dkt. No. 9. Thus, presently pending before the undersigned is review of plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915.

## II. Legal Standard

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted). However, this does not mean the Court is required to accept unsupported allegations that are devoid of sufficient facts or claims. Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189

F.R.D. at 54 (internal quotation marks and citations omitted).  A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).  In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff leave to amend the complaint. See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

### III. Plaintiff's Amended Complaint[1]

Plaintiff's complaint is written on a form complaint for civil rights violations pursuant to 42 U.S.C. § 1983, and names as defendants Detective Regan ("Det. Regan") and Detective Jason Kelly ("Det. Kelly"), City of Albany Police Department

---

[1] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

("APD") Detectives; and Sergeant ("Sgt.") Plante ("Sgt. Plante"), an APD Sergeant.  See Dkt. No. 8 ("Amen. Compl.") at 1-2.[2]

Plaintiff alleges that, on June 6, 2017, he was visiting a friend at 52 ½ Philip's St., apartment #2, in the City of Albany.  See Amen. Compl. at 2.  Shortly after arriving at his friend's apartment, "Officers of the Community Response Unit" led by Sgt. Plante, executed a search warrant at the residence.  Id. at 11.  Plaintiff states that the search warrant named "Bryant Harden."  Id. at 3.  Plaintiff contends that he was not named in the warrant, that defendants testified that they had "never seen [plaintiff] prior to executing the warrant[,]" and that they had "observe[d] [plaintiff] enter[] the residence only forty five seconds before they d[id]."  Id. at 12.

Plaintiff alleges that, "[a]fter the search of the apartment," "when it was determined [that] the home was secure from all threats[,]" he was subjected to a full body cavity search . . . ."  Amen. Compl. at 11, 12.  Plaintiff states that Sgt. Plante "was responsible for carrying out the strip search."  Id. at 11.  Plaintiff posits that Sgt. Plante ordered him to "take off [his] clothing in front of nine officers and the two individuals in the apartment"[;] "directed [plaintiff] to lift [his] genitalia and then . . . ordered [plaintiff] to turn around, bend over[,] and spread [his] rectum."  Id.  Plaintiff alleges that he was "handcuffed and pat frisked for contraband or weapons" and "was face down and considered a non[-]threat."  Id. at 12.  Plaintiff states that "[a]n argument [occurred] concerning whether he would comply with the [strip] search" in which he "encouraged the defendants not to subject [him] to a strip search especially considering the knowledge they had accumulated during the course of their investigation."  Id. at 11, 12.

---

[2]  The Clerk of the Court is respectfully directed to amend the caption to reflect that these individuals are the only named defendants in this action.

Plaintiff "was told that if [he] did not comply [with the strip search he] would be shot with a taser gun[.]" Id. at 12. Plaintiff argues that, "[t]he policy of the [APD] since 2013 has directed that these sort of searches be conducted in the station house under supervised conditions." Id. at 11. Therefore, plaintiff contends, the search conducted by Sgt. Plante violated APD policy. See id. Moreover, plaintiff alleges that Det. Kelly and Det. Regan "watched [the] search and did nothing to stop it." Id. In addition, plaintiff contends that, "[a]fter the strip search was complete one of the officers grabbed a plastic bag he found elsewhere in the apartment and pointed to [plaintiff] saying, 'This is yours[,]' in response to [plaintiff] giving a hard time with the strip search." Id. Plaintiff was then brought to "the station house" where he was "questioned and held overnight[,]" but "[a]t some point . . . was transported to the hospital to receive treatment for [his] seizure condition." Id. Plaintiff avers that, "[d]ue to the falsification of evidence by the above named defendants[, t]his case was maliciously prosecuted and charged one individual who was not named in the search warrant as the only defendant[ whereas t]he other six defendants had their charges dismissed at arraignment the next day." Id. at 12.

Plaintiff further argues that "Det. [] Kelly was responsible for giving the affirmation to the city court judge in order to secure the warrant." Amen. Compl. at 11. Plaintiff alleges that Det. Kelly "failed to notify the court of the change in circumstance that may have led him to believe that []Byrant . . . may have lived elsewhere." Id. Plaintiff also alleges that Det. Kelly "secur[ed] the warrant for the first floor," but "then executed the warrant elsewhere." Id. Further, plaintiff contends that "Sgt. Plante did not provide a strip search form[,] and that "Det[]. Kelly did not provide the strip search form to the

District Attorney." Id. In addition, plaintiff alleges that defendants provided "inconsistent statements as to their actions" in executing the search warrant before the grand jury. Id. at 12. Plaintiff contends, apparently at his criminal trial, that defendants "present[ed] evidence they obtain[ed] from a warrant that was executed at the wrong apartment" and that "they collectively act[ed] in concert to secure charges against" him even though "the warrant issuing judge ha[d] no prior knowledge of" him." Id.

In his first cause of action,[3] plaintiff alleges that Sgt. Plante "violated [plaintiff's] Fourth Amendment rights" by "violating [APD] policy involving strip searches" and subjecting plaintiff "to cruel and unusual punishment and is in breach of the oath he took to serve and protect." Id. at 3. Plaintiff's second cause of action alleges that Det. Kelly violated his Fourth Amendment rights "when he assisted [and] watched other officers threaten [plaintiff] with a tazor [sic] and subject [plaintiff] to an illegal strip search." Amen. Compl. at 3. Plaintiff also alleges that Det. Kelly "interfered with [his] right to due process when he misrepresented himself to a city court judge to obtain a warrant." Id. Plaintiff's third, and final, cause of action alleges that, "[w]hen he was subjected to this [search] warrant that did not name [him], he lost all of [his] civil liberties due to the actions of the defendants who were acting under color of law." Amen. Compl. at 3. "As a result of threats and force," plaintiff avers, his "Fourth Amendment rights were violated." Id. Further, plaintiff posits, his "freedom to have a fair court trial were [sic] violated by the defendants when they falsified their testimony and withheld documents from the courts." Id. Moreover, plaintiff contends that his "Third, Fourth, and Ninth

---

[3] Plaintiff makes numerous references to the "Grand Jury Minutes," which he indicates are "attached" to his complaint. Amen. Compl. at 3. However, the document attached to the complaint consists of portions of what appears to be a City of Albany Police Department policy regarding strip searches. See id. at 6-10.

Amendment rights were violated by [defendants'] actions[,]" which he states, "is a violation of the [E]qual Protection Clause." Id.  As relief, plaintiff requests $850,000 and such other relief as the Court deems appropriate.  See id. at 4.  He also "ask[s] the court at this time to consider appointing counsel in order that [he] may obtain the trial minutes which further substantiate [his] claim[s]."  Id. at 12.

## IV. Analysis

Liberally construed, plaintiff seeks to allege a claim pursuant to 42 U.S.C. § 1983 for violation of his Fourth Amendment rights against Sgt. Plante for unlawful search and seizure based on the strip search and detention, which he posits was premised on an invalid search warrant.  See Amen. Compl. at 3, 11.  Further, plaintiff appears to allege a section 1983 supervisory liability claim against Det. Kelly and Det. Regan based on their purported failure to intervene to stop the alleged unlawful strip search.  See id. at 11.  Plaintiff also asserts section 1983 and New York State law claims of false arrest and false imprisonment.  See id.  Moreover, plaintiff asserts § 1983 claims alleging the denial of his right to a fair trial and malicious prosecution based on defendants' purported provision of false testimony and withholding of documents at trial.  Id. at 3.  Relatedly, liberally construing the Amended Complaint, plaintiff appears to allege a Fourteenth Amendment Due Process violation for failure to comply with Brady v. Maryland (373 U.S. 83 (1963)) insofar as he asserts that defendants withheld a strip search form from the District Attorney.  See id. at 3, 11.  In addition, plaintiff appears to allege a § 1983 conspiracy claim against the named defendants for acting together to

bring criminal charges against him despite not being named in the search warrant.  See id. at 12.

## A. Fourth Amendment Claims

### 1. Invalid Search Warrant

Where a search as been conducted pursuant to a court-authorized warrant, "great deference" is due to the issuing judge's determination that there is probable cause to search a premises.  United States v. Leon, 468 U.S. 897, 914 (1984). "Normally, the issuance of a warrant by a neutral magistrate, which depends on a finding of probable cause, creates a presumption that it was objectively reasonable for the officers to believe that there was probable cause."  Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991).  Under Franks v. Delaware (438 U.S. 154 (1978)), a criminal defendant who seeks to suppress the fruits of a search warrant must show that (1) the affiant knowingly and intentionally, or with a reckless disregard for the truth, made false statements or omissions in his application for a warrant, and (2) such statements or omissions were necessary to the finding of probable cause.  See id. at 155-56; United States v. Martin, 426 F.3d 68, 73 (2d Cir. 2005). The Franks standard also "applies in civil cases, like this one, brought pursuant to § 1983, in which a plaintiff seeks to challenge a warranted search as unlawful."  Calderon v. City of New York, 138 F. Supp. 3d 593, 604 (S.D.N.Y. 2015), modified in part on other grounds upon reconsideration, No. 14-CV-1082 (PAE), 2015 WL 6143711 (S.D.N.Y. Oct. 19, 2015); see McColley v. Cty. of Rensselaer, 740 F.3d 817, 823 (2d Cir. 2014) (same).  As to the first Franks element, it is insufficient for a plaintiff to allege that there were errors in the

affidavit, as "misstatements or omissions caused by 'negligence or innocent mistake[s]'" do not establish falsity or reckless disregard.  United States v. Rajaratnam, 719 F.3d 139, 153 (2d Cir.2013) (quoting Franks, 438 U.S. at 171), cert. denied, 573 U.S. 916 (2014).  Rather, a plaintiff must allege that any misrepresentation or omission "was 'designed to mislead' or was 'made in reckless disregard of whether [it] would mislead.'" Rajaratnam, 719 F.3d at 154 (quoting United States v. Awadallah, 349 F.3d 42, 68 (2d Cir.2003)) (emphasis omitted).

Here, plaintiff contends that Det. Kelly was responsible submitting an affirmation to a city court judge in order to secure the search warrant for the premises at 52 ½ Philip Street, and that the warrant obtained named an individual identified as "Bryant Harden."  Amen. Compl. at 3; see id. at 11.  Further, plaintiff's Amended Complaint asserts that Det. Kelly "failed to notify the court of the change in circumstance that may have led him to believe that []Byrant . . . may have lived elsewhere," id. at 11, and that, although the APD "secur[ed] the warrant for the first floor," APD personnel, including defendants, "executed the warrant elsewhere."  Id.  At this early stage of the litigation, and affording the pro se pleading the most liberal construction possible, the undersigned concludes that plaintiff has plausibly alleged that Det. Kelly's affirmation to obtain the search warrant was "made in reckless disregard of whether [it] would mislead" insofar as it omitted information that the subject of the search warrant may have lived at a different location at the time of the application.  Rajaratnam, 719 F.3d at 154 (quoting Awadallah, 349 F.3d 68); see Amen. Compl. at 11.

In addition, plaintiff has plausibly alleged that APD personnel violated his Fourth Amendment rights by knowingly executing the warrant and, therefore, the ensuing

10

visual cavity search, at the wrong address, as plaintiff alleges that the warrant was issued for the first floor of 52 ½ Philip Street, but executed "elsewhere."  Amen. Compl. at 11; see Arroyo v. City of Buffalo, No. 15-CV-753A(F) (LGF), 2018 WL 4376798, at *3 (W.D.N.Y. Sept. 13, 2018) ("[T]he Fourth Amendment is violated where officers in the course of executing a warrant enter the wrong residence.").  Here, plaintiff plausibly assert that the officers conducting the search reasonably should have been aware that 52 ½ Phillips St. was comprised of at least two floors, and that the warrant allowed for a search of only the first floor, but was executed at another location within the premises.  See Amen. Compl. at 11.  Thus, at this early stage of the litigation, and affording plaintiff's pro se pleading a liberal construction, the undersigned concludes that plaintiff has plausibly alleged that defendants violated his Fourth Amendment rights by subjecting plaintiff to a visual cavity search while executing a search warrant at the wrong residence.  See Amen. Compl. at 11; Arroyo, 2018 WL 4376798, at *3.

### 2. Sgt. Plante: Visual Cavity Search

The Fourth Amendment "protects individual privacy against certain kinds of governmental intrusion,"  Katz v. United States, 389 U.S. 347, 350 (1967), and its protections extend to arrestees.  See Lauro v. Charles, 219 F.3d 202, 212 (2d Cir. 2000) ("[The] Fourth Amendment shields arrestees from police conduct that unreasonably aggravates the intrusion on privacy properly occasioned by the initial seizure.").  "Regardless of who performs the search, a visual body cavity search, such as the one conducted here, is invasive: 'A strip search that involves a stranger peering without consent at a naked individual, and in particular at the most private portions of

that person's body, is a serious invasion of privacy.'" Harris v. Miller, 818 F.3d 49, 58

(2d Cir. 2016) (quoting Florence v. Bd. of Chosen Freeholders, 566 U.S. 318, 344–45

(2012)).  Thus, the Fourth Amendment requires "all searches conducted [in custody],

including strip searches, to be reasonable." Holland v. City of New York, 197 F. Supp.

3d 529, 542 (S.D.N.Y. 2016) (citing Hodges v. Stanley, 712 F.2d 34, 35 (2d Cir. 1983)

(per curium)). "[A] misdemeanor arrestee may not be strip searched in the absence of

'an individualized reasonable suspicion that a misdemeanor arrestee is concealing

weapons or other contraband based on the crime charged, the particular characteristics

of the arrestee, and/or the circumstances of the arrest.'" Sims v. Farrelly, No. 10-CV-

4765 (ER), 2013 WL 3972460, at *7 (S.D.N.Y. Aug. 2, 2013) (quoting Hartline v. Gallo,

546 F.3d 95, 100 (2d Cir. 2008)) (additional quotation marks and citation omitted).  "The

Second Circuit has held that an arrest for a misdemeanor drug offense, alone, is

insufficient to satisfy the reasonable suspicion requirement." Id. (citing Hartline, 546

F.3d at 101-102).  "The same rule applies to felony narcotics arrestees." Id. (collecting

cases).  By contrast, the Supreme Court has held that suspicionless strip searches of

detainees in custody do not violate the Constitution.  See Florence, 566 U.S. at 330,

333, 335-38, 339 (holding that suspicionless visual cavity search of the detainee prior to

releasing the detainee into general prison population did not violate the Fourth and

Amendment).

Here, affording the pro se Amended Complaint a liberal construction, plaintiff

alleges that, at the time Sgt. Plante subjected him to a visual cavity search in front of

nine members of the APD and two other individuals who were in the residence at 52 ½

Philip Street, he was, at most an arrestee.  See Amen. Compl. at 11.  Further, although

plaintiff does not indicate the basis of the search warrant, or whether he was charged and/or indicted for a misdemeanor or felony, he alleges that the visual cavity search occurred in the apartment when he "was handcuffed," had already been "pat frisked for contraband or weapons[,]" and was later taken into police custody and detained; therefore, the undersigned liberally construes the pro se pleading as contending that the search was performed in the absence of "individualized reasonable suspicion." Id.; Sims, 2013 WL 3972460, at *7; Hartline v. Gallo, 546 F.3d 95, 100.  Thus, the undersigned recommends that plaintiff's Section 1983 claim against Sgt. Plante for unlawful visual cavity search proceed.  In so recommending, the undersigned makes no determination as to whether these claims will survive a properly filed dispositive motion.

### 3. Failure to Intervene: Detectives Kelly and Regan

Liberally construed, plaintiff contends that Det. Kelly and Det. Regan are liable for failing to intervene to stop Sgt. Plante's alleged act of conducting an unlawful visual cavity search of plaintiff because they "watched [the] search and did nothing to stop it." Amen. Compl. at 11.  "'It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.'" Sloley v. VanBramer, 945 F.3d 30, 46-47 (2d Cir. 2019) (quoting Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994).  "In order for liability to attach, there must have been a realistic opportunity to intervene to prevent the harm from occurring." Anderson, 17 F.3d at 557 (citation omitted).  Generally, "[w]hether an officer had sufficient time to intercede or was capable of preventing the harm being caused by another officer is an issue of fact for the jury

13

unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise." Id. (citation omitted).  As discussed above, at this early stage in the litigation, plaintiff has plausibly alleged that Sgt. Plante's visual cavity search was conducted in contravention of the Fourth Amendment. See supra.  Moreover, the undersigned concludes that plaintiff has plausibly alleged that Det. Kelly and Det. Regan were present and had sufficient time to intervene in Sgt. Plante's visual cavity search insofar as he contends that those defendants watched Sgt. Plante conduct the visual cavity search but did not take action to stop it.  See Amen. Compl. at 11; Sloley, 945 F.3d at 46-47; Anderson, 17 F.3d at 557.  Accordingly, it is recommended that plaintiff's section 1983 failure to intervene claim relating to the visual cavity search against Det. Kelly and Det. Regan proceed.  In so recommending, the undersigned makes no determination as to whether these claims will survive a properly filed dispositive motion.

### 4. Violations of APD Strip Visual Cavity Search Policies

Plaintiff contends that "Sgt. Plante did not provide a strip search form[,] and that "Det[]. Kelly did not provide the strip search form to the District Attorney."  Amen. Compl. at 11.  He also contends that the visual cavity search violated APD policy because it was conducted in front of officers and other persons inside of the apartment at 52 ½ Philips street, rather than at a location authorized pursuant to APD policies. See id. 8-9, 11.  Plaintiff provides the portion of APD policy that requires such searches to be documented in a report and where such searches are required to be conducted. See id. at 9.  However, allegations that defendants violated APD policies are not

actionable pursuant to Section 1983.  See Chalco v. Belair, No. 3:15-CV-340 (VLB),

2019 WL 456162, at *8 (D. Conn. Feb. 5, 2019) ("Section 1983 'protects plaintiffs from

constitutional violations, not violations of state laws or, in this case, departmental

regulations and police practices. . . .  [T]he violation of police regulations or even a state

law is completely immaterial as to the question of whether a violation of the federal

constitution has been established.'" (quoting Thompson v. City of Chicago, 472 F.3d

444, 454 (7th Cir. 2006) (additional quotation marks and citations omitted)); see also

Jenkins v. City of New York, No. 18-CV-7024 (LDH/LB), 2020 WL 6700087, at *3

(E.D.N.Y. Nov. 12, 2020) ("[T]he allegation that the strip search violated 'search policy'

does not rise to the level of a Fourth Amendment violation.").  Thus, to the extent that

plaintiff seeks to raise Fourth Amendment claims based on defendants' purported

violations of the APD's strip search policies, it is recommended that his claims be

dismissed with prejudice and without opportunity to replead.


### 5. Section 1983 and New York State law False Arrest and False Imprisonment

The elements of a Fourth Amendment false arrest claim under 42 U.S.C. § 1983

are the same as those for a false arrest claim under New York law.  See Kraft v. City of

New York, 696 F. Supp. 2d 403, 418 (S.D.N.Y. 2010).  "To state a claim for false arrest

under New York law, a plaintiff must show that (1) the defendant intended to confine the

plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not

consent to the confinement; and (4) the confinement was not otherwise privileged."

Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003).  Where the officer has

probable cause for the arrest, it is privileged.  Id. at 76.  Under New York law, the torts

of false arrest and false imprisonment are "synonymous." Posr v. Doherty, 944 F.2d 91, 96 (2d Cir.1991). "Normally, the issuance of a warrant by a neutral magistrate, which depends on a finding of probable cause, creates a presumption that it was objectively reasonable for the officers to believe that there was probable cause." Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991).

The undersigned concludes that plaintiff has asserted valid claims under Section 1983 and New York State law for false arrest and under New York State law for false imprisonment based on his arrest and detention that resulted from the purportedly invalid search warrant.  Liberally construing the Amended Complaint, plaintiff alleges that, while he was handcuffed, Det. Kelly "assisted [and] watched other officers threaten [him] with a taser" while Sgt. Plante conducted a visual cavity search, and that Det. Regan watched during the visual cavity search without intervening.  Amen. Compl. at 3, 11.  Based on the foregoing, the undersigned concludes that the Amended Complaint plausibly alleges that Det. Kelly, Det. Regan, and Sgt. Plante intended to confine plaintiff, that plaintiff was conscious of the confinement, and that plaintiff did not consent to the confinement.  See Amen. Compl. at 11-12; Savino, 331 F.3d at 75; Posr, 944 F.2d 9 at 96.  As to whether the confinement was privileged, the existence of probable cause to arrest renders the confinement privileged and is a complete defense to an action for false arrest under state and federal law.  See Savino, 331 F.3d at 76.  Here, however, liberally construed, the Amended Complaint appears to allege the absence of probable cause, as plaintiff denies being in possession of contraband.  See Amen. Compl. at 11.  In particular, plaintiff states that defendants conducted a pat and frisk that revealed that plaintiff was not in possession of contraband or weapons; had secured the

premises prior to searching him and had handcuffed plaintiff, rendering him a non-threat; and that defendants, in effect, planted a "plastic bag" on him in retaliation for plaintiff arguing against the visual cavity search.  See id. at 11-12.  Further, because plaintiff has adequately pleaded that the search warrant was executed unlawfully at the wrong address, he has also sufficiently pleaded that his resulting confinement was not privileged and actionable under Section 1983.  See Calderon, 138 F. Supp. 3d at 604; see also Michigan v. Summers, 452 U.S. 692, 705 (1981) (explaining that officers may "detain the occupants of the premises while a proper search is conducted."). Consequently, it is recommended that, at this early phase in the litigation, plaintiff's Fourth Amendment claims pursuant to Section 1983 and related New York State law claims for false arrest and false imprisonment proceed.  In so recommending, the undersigned makes no determination as to whether these claims will survive a properly filed dispositive motion.

### 6. Excessive Force

"As a result of threats and force," plaintiff avers, his "Fourth Amendment rights were violated."  Amen. Compl. at 3.  Liberally construing the Amended Complaint, plaintiff appears to attempt to assert a Fourth Amendment excessive force claim against defendants based on Det. Kelly's threat to use a taser.  See id. at 11.  Even affording these allegations the most liberal construction possible, plaintiff fails to plausibly state a claim for excessive force, as plaintiff does not allege that the threats were accompanied by actual force.  See Delgado v. Devlin, No. 9:21-CV-0120 (MAD/TWD), 2021 WL 964217, at *7 (N.D.N.Y. Mar. 15, 2021) ("[A]llegations of threats and harassment fail to

state an actionable claim under the Eighth Amendment."); <u>Jackson v. Wylie</u>, No. 8:17-CV-560 (DNH/CFH), 2017 WL 4326658, at *2 (N.D.N.Y. Sept. 5, 2017) ("Intimidation or threats of force do not amount to a constitutional violation under section 1983 where they are unaccompanied by actual force."), <u>report and recommendation adopted</u>, No. 8:17-CV-560 (DNH/CFH), 2017 WL 4326519 (N.D.N.Y. Sept. 28, 2017).  Accordingly, it is recommended that plaintiff's excessive force claims be dismissed, as plaintiff has merely alleged threats and intimidation, which is insufficient to state a claim for excessive force in violation of the Fourth Amendment.  In light of plaintiff's <u>pro se</u> status, it is recommended that this claim be dismissed without prejudice and with opportunity to amend.

## B. Section 1983 Conspiracy

Plaintiff alleges that defendants "present[ed] the evidence they obtain[ed] from a warrant that was executed at the wrong apartment they collectively act[ed] in concert to secure charges against [him,]" even though "the warrant issuing judge ha[d] no prior knowledge of [him]."  <u>See</u> Amen. Compl. at 12.  Liberally construed, plaintiff appears to attempt to allege a conspiracy claim pursuant to Section 1983.

The elements of a claim for conspiracy pursuant to § 1983 are "(1) an agreement . . . ; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."  <u>Ciambriello v. County of Nassau</u>, 292 F.3d 307, 324-25 (2d Cir. 2002); <u>Cusamano v. Sobek</u>, 604 F. Supp. 2d 416, 468 (N.D.N.Y. 2009).  "An agreement must be proven with specificity as bare allegations of a conspiracy supported only by allegations of conduct easily explained as individual

action is insufficient." McRae v. Fischer, No. 9:17-CV-0146 (BKS/CFH), 2018 WL

3432743, at *6 (N.D.N.Y. June 6, 2018), report and recommendation adopted, No. 9:17-

CV-00146 (BKS/CFH), 2018 WL 3432700 (N.D.N.Y. July 16, 2018).  Although exact

specifics are not required, "the pleadings must present facts tending to show agreement

and concerted action." Anilao v. Spota, 774 F. Supp. 2d 457, 512-13 (E.D.N.Y. 2011)

(citations omitted).  To sustain a conspiracy claim under 42 U.S.C. § 1983, a plaintiff

must demonstrate that a defendant "acted in a willful manner, culminating in an

agreement, understanding or meeting of the minds, that violated the plaintiff's rights . . .

secured by the Constitution or the federal courts." Malsh v. Austin, 901 F. Supp. 757,

763 (S.D.N.Y.1995) (citations and internal quotation marks omitted).  Conclusory,

vague, and general allegations are insufficient to support a conspiracy claim.  See

Ciambriello, 292 F.3d at 325.

Even construing the complaint with the utmost liberality, plaintiff's allegation that

defendants "collectively act[ed] in concert to secure charges against [him]" is conclusory

and, therefore, insufficient to support a claim for Section 1983 conspiracy.  Amen.

Compl. at 12; see Ciambriello, 292 F.3d at 325.  Indeed, the Amended Complaint is

devoid of factual allegations demonstrating that defendants reached "an agreement,

understanding or meeting of the minds, that violated plaintiff's rights[.]" Malsh v. Austin,

901 F. Supp. at 763.  Thus, even construing the Amended Complaint liberally to

contend that one of the defendants planted the plastic bag on plaintiff, and that the

plastic bag contained something sufficient to bring charges against him, such

allegations amount only to "conduct easily explained as individual action," which "is

insufficient" to establish a claim for Section 1983 conspiracy. McRae, 2018 WL

3432743, at *6.  In light of plaintiff's <u>pro se</u> status, it is recommended that plaintiff's

Section 1983 conspiracy claim be dismissed without prejudice and opportunity to

amend.


### C. False Testimony and Withholding of Evidence

Plaintiff avers that his "freedom to have a fair court trial were [sic] violated by the

defendants when they falsified their testimony and withheld documents from the courts."

<u>Id.</u>

### a. False Testimony

Section "1983 does not create a damages remedy against police officers for their

testimony in a judicial proceeding."  <u>Kimbrough v. Town of Dewitt Police Dep't</u>, No. 9:08-

CV-03 (GLS/RFT), 2010 WL 3724017, at *2 (N.D.N.Y. Sept. 15, 2010) (citing <u>Briscoe v.

LaHue</u>, 460 U.S. 325, 326 (1983)).  An exception to this general rule, known as the

"'extra-judicial conspiracy exception,'" provides that "police officers are not immune from

suit for engaging in a conspiracy to present false testimony, to tamper with, destroy, and

manufacture evidence, or to withhold exculpatory evidence[.]"  <u>Kimbrough</u>, 2010 WL

3724017, at *2 (quoting <u>Dory v. Ryan</u>, 25 F.3d 81, 84 (2d Cir. 1994) (additional citation

omitted)).  "A police officer who tampers with or manufactures false evidence 'violates

the accused's constitutional right to a fair trial, and the harm occasioned by such an

unconscionable action is redressable in an action for damages under 42 U.S.C. §

1983.'"  <u>Kimbrough</u>, 2010 WL 3724017, at *2 (quoting <u>Ricciuti v. N.Y.C. Transit Auth.</u>,

124 F.3d 123, 130 (2d Cir.1997) (citations omitted)).

Here, the Amended Complaint is devoid of facts or allegations that allow the undersigned to plausibly infer that defendants participated in a conspiracy to "present false testimony, to tamper with, destroy, and manufacture evidence, or to withhold exculpatory evidence." Kimbrough, 2010 WL 3724017, at *2; see Amen. Compl. at 11-12. Further, plaintiff does not specify which defendant provided testimony before the grand jury or at trial, or how such testimony was false, or which defendant allegedly planted the plastic bag on him. See Amen. Compl. at 11-12; see Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks and citations omitted). Moreover, as discussed above, the Amended Complaint is devoid of factual allegations to plausibly state a claim for conspiracy under Section 1983. See subsection III. B., supra. Consequently, it is recommended that plaintiff's claim alleging violation of his right to a fair trial based on false evidence and testimony be dismissed. In light of plaintiff's pro se status, it is recommended that this claim be dismissed without prejudice and with opportunity to amend.

### b. Brady Claim

Plaintiff contends that "Sgt. Plante did not provide a strip search form[,] and that "Det[]. Kelly did not provide the strip search form to the District Attorney." Amen. Compl. at 11. Affording the pro se pleadings the most liberal construction possible, plaintiff alleges a Fourteenth Amendment Due Process claim pursuant to 42 U.S.C. § 1983 based on the prosecution's purported failure to produce exculpatory evidence as

required by <u>Brady v. Maryland</u> (373 U.S. 83 (1963)).  <u>See</u> Compl. at 9.  However, because plaintiff does not allege how the contents of the strip search form would have changed the outcome of his criminal proceeding, or what the outcome of his criminal proceeding was, he fails to plausibly allege a <u>Brady</u> claim.[4]  <u>See</u> <u>U.S. v. Bagley</u>, 473 U.S. 667, 682 (1985) (holding that "undisclosed evidence is only material if there is a reasonable probability that, had the evidence been disclosed to the defense the result of the proceeding would have been different"); <u>see</u> <u>also</u> <u>McClean v. Cty. of Westchester</u>, No. 17-CV-4492 (CS), 2018 WL 6329420, at *18 (S.D.N.Y. Dec. 3, 2018) ("Courts have categorically rejected denial of a right to fair trial claims based on *Brady* violations where the plaintiff was not convicted in the underlying criminal trial." (citation omitted)), <u>aff'd sub nom.</u> <u>McClean v. City of Mount Vernon</u>, 776 F. App'x 725 (2d Cir. 2019) (summary order); <u>Ambrose v. City of New York</u>, 623 F. Supp. 2d 454, 471 (2009) ("[T]he verdict acquitting [the p]laintiff of the criminal charges against him negates any violation of his *Brady* rights and extinguishes any Section 1983 due process claim that might arise from [the d]efendants' alleged suppression of exculpatory evidence."); <u>see</u> <u>also</u> <u>Strickler v. Greene</u>, 527 U.S. 263, 281 (1999) ("[S]trictly speaking, there is never a real *Brady* violation unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict." (internal quotation marks omitted)).  Thus, it is recommended that, insofar as plaintiff's Amended Complaint may be read as alleging a violation of his <u>Brady</u> rights under the

---

[4]  Although plaintiff alleged that he was acquitted of the criminal charges relating to the search of 52 ½ Philips Street in his Original Complaint, <u>see</u> Dkt. No. 1 at 5,6, he has not alleged such facts in his Amended Complaint.  The Court previously "advised [plaintiff] that any amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court."  Dkt. No. 6 at 23. Consequently, the undersigned does not construe the Amended Complaint to incorporate the factual assertions contained in the Original Complaint.

Fourteenth Amendment's Due Process Clause pursuant to Section 1983, his claim be dismissed without prejudice and opportunity to amend.

### D. Malicious Prosecution

Plaintiff avers that, "[d]ue to the falsification of evidence by the . . . named defendants[, t]his case was maliciously prosecuted."  Amen. Compl. at 12.  To prevail on a Section 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment, see Murphy v. Lynn, 118 F.3d 938, 944 (2d Cir.1997), cert. denied, 522 U.S. 1115 (1998), and establish the elements of a malicious prosecution claim under state law. See Russell v. Smith, 68 F.3d 33, 36, (2d Cir.1995) ("[A] claim of malicious prosecution brought under § 1983 is governed by state law.").  Under New York law, "[t]he elements of an action of malicious prosecution are (1) the initiation of a proceeding, (2) its termination favorably to plaintiff; (3) lack of probable cause, and (4) malice."  Colon v. City of New York, 60 N.Y.2d 78, 82, 468 N.Y.S.2d 453, 455, 455 N.E.2d 1248 (N.Y. 1983).

Here, plaintiff has not alleged in his Amended Complaint that the criminal proceeding terminated in his favor.  See Amen. Compl. at 3, 11-12.[5]  Consequently, plaintiff has failed to plausibly allege a claim of malicious prosecution under New York law.  See Colon, 468 N.Y.S.2d at 455; Calicchio v. Sachem Cent. Sch. Dist., 185 F. Supp. 3d 303, 313-14 (E.D.N.Y. 2016) ("The complaint is deficient, . . . as it does not allege that the criminal prosecution has been terminated in [the plaintiff's] favor. Accordingly, the claim for malicious prosecution is dismissed.")  Accordingly, it is

---

[5]  As discussed in relation to his Brady claim, plaintiff has not alleged in his Amended Complaint that he was acquitted of the crimes charged.  See Amen. Compl. at 3, 11-12.

23

recommended that plaintiff's malicious prosecution claim be dismissed without prejudice. "To the extent that plaintiff is able to allege that there was a final termination of the criminal proceeding that is not inconsistent with innocence," it is recommended that plaintiff be permitted to amend his complaint. Calicchio, 185 F. Supp. 3d at 314.

### IV. Plaintiff's Motion for Appointment of Counsel

Plaintiff requests that the Court "consider appointing counsel in order that [he] may obtain the trial minutes which further substantiate [his] claim[s]." Amen. Compl. at 12. Attached to the Amended Complaint is a handwritten list titled, "Attorneys Contacted for Assistance," which includes the names of eight attorneys and phone numbers. Id. at 5.

"A party has no constitutionally guaranteed right to the assistance of counsel in a civil case." Leftridge v. Connecticut State Trooper Officer No. 1283, 640 F.3d 62, 68 (2d Cir. 2011). Rather, courts consider a number of factors in ruling on a motion for the appointment of counsel on a case-by-case basis. First, "the court should ascertain whether the indigent's claims seem likely to be of substance. A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's 'chances of success are highly dubious.'" Smith v. Smith, No. 5:20-CV-0748 (TJM/ML), 2020 WL 5238695, at *3 (N.D.N.Y. Aug. 21, 2020) (quoting Leftridge, 640 F.3d at 69), report and recommendation adopted, No. 5:20-CV-0748 (TJM/ML), 2020 WL 5232078 (N.D.N.Y. Sept. 2, 2020). If the court concludes that plaintiff's claims have substance, the court will then consider

> [T]he indigent's ability to investigate the crucial facts,
> whether conflicting evidence implicating the need for cross-

> examination will be the major proof presented to the fact
> finder, the indigent's ability to present the case, the
> complexity of the legal issues and any special reason in th[e]
> case why appointment of counsel would be more likely to
> lead to a just determination.

Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986)).  "None of these factors are controlling in any given situation, however, so each case must be decided on its own facts." Velasquez v. O'Keefe, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citation omitted).

At this early phase of the litigation before defendants have been served or responded to plaintiff's allegations, and no discovery has yet taken place, it is uncertain whether plaintiff's claims are likely to be of substance.  See Moore v. Syracuse City Sch. Dist., No. 5:05-CV-5 (FJS/GJD), 2005 WL 8171097, at *2 (N.D.N.Y. June 30, 2005).  Further, although plaintiff specifically requests that counsel be appointed in order that he obtain the trial transcript to support his claims, plaintiff offers no explanation as to why he is unable to obtain that information without counsel through ordinary discovery.  See Amen. Compl. at 12.  Accordingly, plaintiff's motion for appointment of counsel is denied without prejudice with leave to renew.   After defendants have been served and responded to the allegations in plaintiff's Amended Complaint and discovery has been undertaken by the parties, and in the event his case eventually survives dispositive motions, plaintiff may submit a renewed motion for appointment of counsel, at which time the Court may be better able to determine whether such an appointment is warranted.


**V. Conclusion**

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's motion for appointment of counsel (Dkt. No. 4) is **DENIED WITHOUT PREJUDICE** with leave to renew should plaintiff's case proceed in this Court and eventually survive dispositive motions; and it is further

**ORDERED**, that the Clerk of the Court amend the caption to reflect that Det. Regan, Det. Kelly, and Sgt. Plante are the only defendants named in this action; and it is further

**RECOMMENDED**, that plaintiff's Fourth Amendment claim based on violations of Albany Police Department search policies be **DISMISSED WITH PREJUDICE AND WITHOUT OPPORTUNITY TO AMEND**; and it is further

**RECOMMENDED**, that the following of plaintiff's claims be **DISMISSED WITHOUT PREJUDICE AND WITH OPPORTUNITY TO AMEND**[6]:

1) Fourth Amendment claim for excessive force;

2) Section 1983 conspiracy claim;

3) Section 1983 claim based on defendants' false testimony;

4) Fourteenth Amendment due process Brady claim;

5) Section 1983 malicious prosecution claim; and it is further

**RECOMMENDED**, that the remainder of plaintiff's claims be permitted to proceed; and it is further

---

[6] Plaintiff is again advised that an amended complaint is intended to completely replace the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977), cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp., 434 U.S. 1014(1978); see also Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, any amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action.

**RECOMMENDED**, that should the District Judge adopt this Report-Recommendation and Order, plaintiff be given thirty (30) days from the date of the Order adopting this Report-Recommendation and Order to file an amended complaint, and if plaintiff does not file an amended complaint, (1) it will be deemed as an abandonment of any claims for which leave to replead has been granted and will result in judgment being entered against plaintiff on these claims without further order by the Court, and (2) the matter be returned to the Magistrate Judge for service of the original complaint for any claims that were permitted to proceed in the original complaint, with all other claims deemed stricken.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[7]

---

[7]  If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(c).

Dated: April 22, 2021
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge