UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RONALD L. HESTER,

                            **Plaintiff,**

  vs.                                                  1:20-CV-1153
                                                          (MAD/CFH)
DETECTIVE JOHN REGAN, DETECTIVE
JASON KELLY, and SERGEANT BRIAN
PLANTE,

                            **Defendants.**
_____

**APPEARANCES:**                                     **OF COUNSEL:**

**BARCLAY DAMON LLP**                    **KYRA GANSWITH, ESQ.**
80 State Street                                    **DAVID G. BURCH, JR., ESQ.**
Albany, New York 12207
Attorneys for Plaintiff

**THE REHFUSS LAW FIRM, P.C.**          **STEPHEN J. REHFUSS, ESQ.**
40 British American Blvd.                **ABIGAIL W. REHFUSS, ESQ.**
Latham, New York 12110
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff commenced this action on September 21, 2020, pursuant to 42 U.S.C. § 1983. Following initial review and dispositive motion practice, Plaintiff's only remaining claims are that he was subjected to an unreasonable visual cavity search by Defendant Plante in violation of the Fourth Amendment to the United States Constitution and that Defendants Regan and Kelly failed to intervene. Trial is scheduled to commence on March 4, 2024.

Currently before the Court are the parties' motions *in limine*. *See* Dkt. Nos. 70, 71, 86, 87.

## II. BACKGROUND

In May 2017, Detectives of the Albany Police Department's Criminal Response Unit ("CRU") initiated a narcotics investigation into suspected illegal activities of Bryant Harden, based on information provided by a confidential informant. Over the course of five weeks, the informant made several purchases of crack cocaine from Harden, who was observed frequenting the premises at 52 1/2 Philip Street, Albany, New York.

On June 6, 2017, upon obtaining a valid search warrant, the CRU Detectives executed the warrant at the designated address. Upon entering the premises, the CRU Detectives discovered Plaintiff, Harden, and another individual inside the apartment. All three individuals were placed in custody while the apartment was searched.

During the search, a significant quantity of crack cocaine was discovered in multiple bags in multiple locations throughout the apartment, along with weighing and packaging materials. Additionally, a loaded firearm was found under a blanket on a blow-up mattress in the common room, with Plaintiff being the closest person to the firearm.

According to Defendants, while in custody Plaintiff told the officers that he had a quantity of crack cocaine and marijuana hidden in the front of his underwear. Plaintiff, however, denies making such an admission. At this point, Defendant Plante demanded Plaintiff to remove his clothes for a visual cavity search. The search was conducted in front of the other individuals who had been placed in custody, and several other officers. According to Defendants, a quantity of crack cocaine and marijuana was found on Plaintiff's person. Plaintiff, however, denies that anything was taken off him, and instead claims that another officer, Gregory Mulligan, told him "because you wanted to be difficult, this is yours." Alternatively, Plaintiff argues that "even if he did say there were drugs in his briefs that is not enough for a visual cavity search under the law or

2

Albany Police Department's policy which tracks the law." Dkt. No. 85 at 5.  In 2018, Plaintiff was acquitted of the charges brought against him.

### III. DISCUSSION

**A.   Standard of Review**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence.  *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996).  A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds.  *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94 Civ. 5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998).  Courts considering motions *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context.  *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).  Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

**B.   Plaintiff's Criminal History**

Plaintiff contends that his prior criminal history "is irrelevant to any fact or issue in this civil rights suit, is not probative of his credibility, and is unduly prejudicial." Dkt. No. 70-1 at 2. As such, Plaintiff "requests that the Court preclude Defendants from arguing about, referring to, or introducing any documentary or testimonial evidence regarding [Plaintiff's] prior convictions, including for purposes of impeachment, except those relating to the arrest and ultimate acquittal of the charges d[ue] to the arrest and search from June 6, 2017." *Id.*  Defendants, however, contend that they should be permitted to introduce Plaintiff's September 23, 2014, conviction

3

pursuant to Rule 609, since it is relevant to his credibility as a witness in this case. *See* Dkt. No. 86-1 at 2. Further, Defendants contend that the evidence is admissible under Rule 404(b) as it goes to Plaintiff's knowledge and intent regarding the possession of drugs. *See id.* at 3-4.

Rule 609 of the Federal Rules of Evidence vests broad discretion in the district court to admit or exclude evidence of prior convictions. *See United States v. Pedroza*, 750 F.2d 187, 202 (2d Cir. 1984). Rule 609(a) provides that the following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
>> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>>
>> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement.

Fed. R. Evid. 609(a).

"The Rule requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 621 (2d Cir. 2005) (quotation omitted). In "balancing the probative value against prejudicial effect under [Rule 609], courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness

4

of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citing *United States. v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977)) (other citation omitted). "Although all of these factors are relevant, '[p]rime among them is [the first factor, *i.e.*,] whether the crime, by its nature, is probative of a lack of veracity.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)). "[C]rimes of violence generally have limited probative value concerning the witness's credibility' and ... theft 'crimes have greater impeachment value[.]'" *Estrada*, 430 F.3d at 618 (quotation omitted).

In the present matter, the Court finds that all factors weigh in favor of admitting Plaintiff's prior conviction for Attempted Criminal Sale of a Controlled Substance in the Third Degree. Regarding the first factor, "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully." *Estrada*, 430 F.3d at 617. The Second Circuit has recognized that offenses involving controlled substances can be valuable for impeachment purposes. *See Hayes*, 553 F.2d at 828; *Ortiz*, 553 F.2d at 784. This is not to say that all controlled substances offenses have the same bearing on credibility – indeed, courts in the Second Circuit have "made a distinction for the purposes of Rule 609(a)(1) among types of drug crimes." *United States v. Vasquez*, 840 F. Supp. 2d 564, 568-69 (E.D.N.Y. 2011). Drug convictions involving possession, as opposed to drug smuggling or large-scale distribution, are generally considered less valuable for impeachment purposes. *See, e.g.*, *Hayes*, 553 F.2d at 828 n.8 ("In terms of credibility a conviction for sale of narcotics may fall somewhere between a conviction for narcotics smuggling and one for narcotics possession") (citation omitted); *Vasquez*, 840 F. Supp. 2d at 568-69 (listing cases). Here, although Defendant's 2015 conviction for

5

Attempted Criminal Sale of a Controlled Substance in the Third Degree – which involves the intent to sell as an element of the offense – is not as valuable for impeachment as some other drugs convictions (*e.g.*, drug smuggling, as in *Hayes*), it nonetheless has some impeachment value. *See United States v. Jenkins*, No. 02–CR–1384, 2003 WL 21047761, *2 (S.D.N.Y. May 8, 2003).

Moreover, the second and fourth factors weigh in favor of admission as the conviction is from 2015 and Plaintiff's credibility is a central issue in this case. While the prior conviction and the crimes he was charged with in the underlying matter in this case are similar, any prejudice to Plaintiff can be reduced by providing the jury with a limiting instruction upon admission of this evidence and in the final instructions. Additionally, limiting the evidence to the statutory name, sentence imposed, and date of conviction will further reduce any risk of unfair prejudice.

Accordingly, the Court finds that Defendants will be permitted under Rule 609(a)(1) to impeach Plaintiff with the statutory name of the offense, date of conviction, and sentence imposed for his 2015 conviction for Attempted Criminal Sale of a Controlled Substance in the Third Degree.

**C.     Evidence Concerning the Revolver**

Plaintiff contends that introduction of testimony or photographs of the revolver that was recovered during the execution of the search warrant should be precluded as irrelevant and unduly prejudicial. *See* Dkt. No. 71-1 at 2. Specifically, Plaintiff claims that "[n]ow that only a claim for the unconstitutional visual cavity search and a claim for the failure to intervene in the search remains, photographs or testimony about the revolver are not relevant and any introduction of such would be highly prejudicial." *Id.* In response, Defendants argue that this evidence is undeniably relevant and not unduly prejudicial. *See* Dkt. No. 94 at 2. "The fundamental question

6

underlying the allegations of an unconstitutional visual cavity search is whether the officers had reasonable suspicion to believe that Mr. Hester posed a threat or was concealing contraband. While it is true that certain claim were dismissed following summary judgment, the discovery of the revolver directly bears on the question of whether the officers had reasonable suspicion to conduct a visual cavity search of Mr. Hester." *Id.*

"Since at least 1914, it has been accepted that a search incident to an arrest 'constitutes an exception to the warrant requirement' the Fourth Amendment otherwise imposes." *Sloley v. VanBramer*, 945 F.3d 30, 37 (2d Cir. 2019) (quoting *Riley v. California*, 573 U.S. 373, 382 (2014)). However, the scope of a search incident to arrest is limited. "'As the text of the Fourth Amendment indicates, the ultimate measure of the constitutionality of a governmental search is "reasonableness."'" *Id.* (quotations omitted). "The reasonableness of '[t]he search incident to arrest exception rests not only on the heightened government interests at stake in a volatile arrest situation, but also on an arrestee's reduced privacy interests upon being taken into police custody.'" *Id.* (quoting *Riley*, 573 U.S. at 382). "To determine whether a particular search incident to arrest falls within this exception, 'we examine the degree to which [it] intrud[es] upon an individual's privacy and the degree to which [it is] needed for the promotion of legitimate governmental interests.'" *Id.* (quotation omitted).

Applying this framework, the Second Circuit has held that the "'uniquely intrusive nature of strip searches, as well as the multitude of less invasive investigative techniques available to officers' make it such that a strip search cannot be treated as a routine search of an arrestee's person." *Sloley*, 945 F.3d at 37 (quotation omitted). Thus, the Fourth Amendment requires that a strip search or visual cavity search of an arrestee, whether for a misdemeanor or felony, "requires an individualized 'reasonable suspicion that [the] arrestee is concealing weapons or other

7

contraband based on the crime charges, the particular characteristics of the arrestee, and/or the circumstances of the arrest' before she may be lawfully subjected to a strip search." *Id.* at 37-38 (quotations omitted). Stated another way, "a visual body cavity search conducted as an incident to a lawful arrest for any offense must be supported by 'a specific, articulable factual basis supporting a reasonable suspicion to believe the arrestee secreted evidence inside a body cavity.'" *Id.* at 38 (quotation omitted).

In the present matter, the Court finds that Plaintiff's motion must be granted. Although Defendants argue that part of the justification for conducting the search was the fear that Plaintiff may have had a weapon on his person and, therefore, posed a threat to the officers, it has previously argued throughout this litigation that the visual cavity search was only performed by Defendant Plante because Plaintiff allegedly stated that he had a quantity of crack cocaine and marijuana hidden in his underwear. *See, e.g.*, Dkt. No. 51-1 at ¶ 7. As such, the fact that a weapon was found in the apartment was not the stated purpose for conducting the visual cavity search. As the Second Circuit has noted, the rationale that searching for a concealed weapon for purposes officer protection is far less likely to be a valid reason for conducting a visual cavity search (as opposed to a pat frisk). *See Sloley*, 945 F.3d at 38 ("Regarding the protection of officer safety, we are unaware of any case in which an arrestee concealed inside a body cavity a weapon that he or she 'might seek to use in order to resist arrest or effect his [or her] escape.' ... If such cases exist, they are certainly not commonplace") (quotation omitted). Rather, the considerably more common permissible reason for conducting a visual cavity search is to search for destructible evidence, such as illegal drugs hidden in a body cavity, which was the provided rationale in this matter. *See id.*

Accordingly, the Court finds that evidence concerning the recovery of the firearm from the apartment is of little probative value to the only remaining claim in this case and that this probative value is outweighed by the risk of unfair prejudice; and, therefore, Plaintiff's motion to preclude evidence and testimony concerning the firearm is granted.

**D.     Evidence of Plaintiff's Acquittal**

Defendants seek to prohibit Plaintiff from offering any evidence regarding Plaintiff's acquittal on the charges for which he was arrested.  *See* Dkt. No. 87-1 at 2.  Defendants contend that, "given the nuanced circumstances surrounding the alleged search and the contested statements made by the plaintiff, evidence of the plaintiff's acquittal is irrelevant." *Id.*  Further, Defendants argue that, even if there was some evidentiary value to this evidence, "the danger it presents for confusion of issues and misleading the jury substantially outweighs its probative value, especially given that the acquittal occurred in a different legal context, making its applicability to the current case problematic." *Id.* (citing *United States v. Viserto*, 596 F.2d 531, 536-37 (2d Cir. 1979)).  Plaintiff, however, argues that the evidence of an acquittal is relevant to the issue of damages, which include damages not only for the trauma caused by the alleged illegal search, but also by being forced to proceed to trial, where he was forced to relive this traumatic experience.  *See* Dkt. No. 93 at 2-3.  Moreover, Plaintiff argues that if Defendants are permitted to introduce evidence and testimony regarding Plaintiff's arrest and corresponding charges, he should be permitted to explain the ultimate disposition of that arrest.  *See id.* at 5.

Generally, evidence of an acquittal is not admissible to establish innocence in a later civil rights case.  *See Estate of Moreland v. Dieter*, 395 F.3d 747, 755 (7th Cir. 2005) ("Evidence of acquittal in a criminal action is generally irrelevant and inadmissible in a civil case involving the same incident 'since it constitutes a negative sort of conclusion lodged in a finding of failure of

9

the prosecution to sustain the burden of proof beyond a reasonable doubt'") (quotation omitted); *see also Borunda v. Richmond*, 885 F.2d 1384, 1389 (9th Cir. 1988). However, evidence of acquittal is sometimes admissible for other purposes, such as to establish damages. *See Morteiro v. City of Elizabeth*, 436 F.3d 397, 406 (3d Cir. 2006) (finding that the district court did not abuse its discretion in allowing evidence of acquittal to show damages); *Sloman v. Tadlock*, 21 F.3d 1462, 1471 (9th Cir. 1994) (holding that the district court properly admitted evidence of the plaintiff's acquittal where it was not introduced as proof that he was improperly arrested, but rather for the specific purpose of rebutting the defendants' contention that the plaintiff had a vindictive motive for bringing the civil rights action).

In *Isom v. City of Los Angeles*, No. 14-cv-8826, 2016 WL 6948666 (C.D. Cal. Apr. 1, 2016), the plaintiff's claim arose out of a traffic stop where the plaintiff alleged that the Los Angeles Police Department officers arrested him without probable cause. *See id.* at *1. Before trial on the plaintiff's Section 1983 claim, the city moved to exclude evidence that the plaintiff was not ultimately issued a citation following the traffic stop. *See id.* at *3. While the court agreed that the evidence "had no relevance to whether the officers had probable cause" to support the stop, and risked "misleading the jury into necessarily inferring that the officers lacked probable cause," the court concluded that the evidence should nevertheless be admitted "to prevent the jury from speculating" about the plaintiff's guilt or innocence with potentially prejudicial effects, and ordered that the court would instruct the jury "not to draw from this fact any inference about Plaintiff's conduct," and to "base their findings about his conduct solely on the evidence presented at trial." *Id.*; *see also Shay v. County of Los Angeles*, No. 2:15-cv-4607, 2019 WL 5420262, *6-7 (C.D. Cal. Oct. 21, 2019).

In *Isom v. City of Los Angeles*, No. 14-cv-8826, 2016 WL 6948666 (C.D. Cal. Apr. 1, 2016), the plaintiff's claim arose out of a traffic stop where the plaintiff alleged that the Los Angeles Police Department officers arrested him without probable cause. *See id.* at *1. Before trial on the plaintiff's Section 1983 claim, the city moved to exclude evidence that the plaintiff was not ultimately issued a citation following the traffic stop. *See id.* at *3. While the court agreed that the evidence "had no relevance to whether the officers had probable cause" to support the stop, and risked "misleading the jury into necessarily inferring that the officers lacked probable cause," the court concluded that the evidence should nevertheless be admitted "to prevent the jury from speculating" about the plaintiff's guilt or innocence with potentially prejudicial effects, and ordered that the court would instruct the jury "not to draw from this fact any inference about Plaintiff's conduct," and to "base their findings about his conduct solely on the evidence presented at trial." *Id.*; *see also Shay v. County of Los Angeles*, No. 2:15-cv-4607, 2019 WL 5420262, *6-7 (C.D. Cal. Oct. 21, 2019).

This approach is appropriate here. Evidence concerning Plaintiff's acquittal is necessary to complete the story regarding what transpired after Plaintiff was arrested and it is relevant to any potential damages.[1] Based on the potential for prejudice to Defendants and the possibility of confusion for the jurors, the parties are direct to submit proposed limiting instructions. These instructions shall address the following areas: (1) the different burdens of proof for criminal and civil trials, (2) the fact that the burden of proof was on the prosecution at the criminal trial, while

---

[1] In his response to Defendants' motion *in limine*, Plaintiff indicates that he "does not plan to spend time explaining the criminal trial or acquittal. However, Plaintiff wishes to simply mention the acquittal. He does not wish to use the acquittal as proof he did not have drugs in his briefs or to prove the search was unconstitutional." Dkt. No. 93 at 3. At trial, Plaintiff will not be permitted to testify about his criminal trial in any detail and his testimony will be prohibited from expanding much beyond the parameters quoted above.

Plaintiff bears the burden of proof in this matter, (3) that a finding of not guilty is not the same as a finding that Plaintiff was innocent of the alleged criminal conduct, (4) that they must solely focus on the evidence presented in this trial in determining liability, which solely requires them to determine whether there was individualized reasonable suspicion that Plaintiff was secreting narcotics on his person, and (5) that this evidence is being admitted for the limited purpose of establishing damages.

Accordingly, the Court denies Defendants' motion *in limine* seeking to preclude evidence regarding Plaintiff's acquittal.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the parties' motions *in limine* are **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 27, 2024
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge